# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GUADALUPE GUERRA, | ) | CASE NO. 1:08-cv-00785-GSA PC |
| | ) | |
| Plaintiff, | ) | ODER DISMISSING ACTION FOR FAILURE |
| | ) | TO STATE A CLAIM UPON WHICH RELIEF |
| v. | ) | COULD BE GRANTED |
| | ) | |
| DERRAL ADAMS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | / | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1). Pending before the Court is the November 22, 2010, first amended complaint.

I.  **Procedural History**

Plaintiff filed the original complaint on June 6, 2008. On April 1, 2009, an order was entered, dismissing the complaint for failure to state a claim and granting Plaintiff leave to file an amended complaint. Plaintiff was granted three extensions of time, and failed to file an amended complaint. On September 10, 2009, an order was entered, dismissing this action for Plaintiff's failure to file an amended complaint. On the same date, Plaintiff filed a fourth motion for extension of time. On September 16, 2010, an order was entered, re-opening this action and granting Plaintiff leave to file a first amended complaint in compliance with the earlier order dismissing the original complaint. After an extension of time, Plaintiff filed the first amended complaint that is now before

the Court.

## II. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## III. Plaintiff's Claims

In the original complaint filed on June 6, 2008, Plaintiff alleged that he is suffering from a failing liver, a failing lung, and a severe heart condition. Plaintiff sought compassionate release pursuant to California Penal Code sections 1170(d) and 1170(e)(2). In the order dismissing the original complaint, Plaintiff was advised that California Penal Code sections 1170(d) and (e)(2) do not confer a liberty interest upon Plaintiff to be compassionately released. Plaintiff's original complaint therefore failed to state a cognizable claim for relief under the Fourteenth Amendment.

## A. **Deliberate Indifference**

The order dismissing the original complaint also advised Plaintiff that, though he did not specifically raise an Eighth Amendment cause of action, he did allege facts that implicate his rights under the Eighth Amendment. In the November 22, 2010, first amended complaint, Plaintiff sets forth claims under the Eight Amendment for deliberate indifference to his serious medical needs and under the First Amendment for retaliation.

In the order dismissing the original complaint, Plaintiff was specifically advised of the following standard for stating a claim under the Eighth Amendment. A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious," Farmer v. Brennan, 511 U.S. 825, 834 (1994)(quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991), and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind," Id. (quoting Wilson, 501 U.S. at 298). The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities." Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303). A prison official acts with deliberate indifference when he/sho "knows of and disregards an excessive risk to inmate health or safety." Id. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

In the original complaint, Plaintiff alleged that the California Department of Corrections and Rehabilitation "has not done prescribed treatments and medication" and that "the medical staff has not done action to prolong life [sic] due to Valley Fever and [cirrhosis] of the liver all do [sic] to not being given the proper medications." (Compl. p. 3.) Plaintiff was specifically advised that being denied medical treatment that would have prolonged his life and prevented cirrhosis of the liver is sufficient to support an Eighth Amendment claim for denial of medical treatment. However, Plaintiff did not allege which individual defendants caused the denial of medical care. Plaintiff was advised that he must allege how each individual defendant acted or failed to act that caused the

3

denial of Plaintiff's medical treatment.

In the first amended complaint, Plaintiff restates his allegations that he is terminally ill, and that he suffers from continued damage to his liver. (Am. Compl. p. 3.) Plaintiff recites numerous instances of inadequate medical care. Plaintiff specifically alleges that he was "taken off his medications, denied access to medical treatment, as a form of intentional intimidation and had to be rushed to outside emergency room." (Am. Compl. p. 11.) As in the original complaint, Plaintiff has alleged facts indicating that he was subjected to an objectively serious risk to his health. Plaintiff has not, however, identified any individual defendant that engaged in conduct that constitutes deliberate indifference. Throughout the first amended complaint, Plaintiff refers to medical staff in general, but fails to identify any defendant. Other than Warden Adams, Plaintiff fails to name any individual defendants in the complaint, or charge any specific conduct to any individual that constitutes deliberate indifference, as that term is defined above. Plaintiff was clearly advised that in order to state a claim for relief, he must allege conduct on the part of individual defendants. Plaintiff specifically advised that he must allege facts indicating conduct on the part of individuals. Plaintiff fails to do so in the first amended complaint.

### B.     Warden Adams

The only individual referred to in the first amended complaint is Warden Adams. Under section 1983, Plaintiff must prove that the Defendants holding supervisory positions personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948-49 (2009). A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); also Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Plaintiff has not alleged any facts indicating that Warden Adams was personally involved in any deliberate indifference to Plaintiff's serious medical needs. He should therefore be dismissed.

**IV.     Conclusion**

The Court finds that Plaintiff's first amended complaint fails to state a claim for relief under section 1983. In the order dismissing the complaint, Plaintiff was specifically advised of the above deficiencies in his complaint. Plaintiff has failed to cure the identified deficiencies in his amended complaint. Further leave to amend should not be granted, and this action should be dismissed for failure to state a claim upon which relief could be granted. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, IT IS HEREBY ORDERED that this action is dismissed for failure to state a claim upon which relief could be granted. The Clerk is directed to close this case.

IT IS SO ORDERED.

**Dated:    April 1, 2011**                    /s/ **Gary S. Austin**
                                               UNITED STATES MAGISTRATE JUDGE